UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL WASTE & RECYCLING ASSOCIATION, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | 3:15-cv-00158-RLY-MPB |
| vs. | ) ) | |
| WARRICK COUNTY SOLID WASTE MANAGEMENT DISTRICT, | ) ) ) | |
| Defendant/Counter Claimant. | ) | |

**ENTRY ON NWRA'S MOTION TO DISMISS**

Defendant, the Warrick County Solid Waste Management District (the "District"), filed a Verified Counterclaim alleging, *inter alia*, that members of Plaintiff, the National Waste & Recycling Association ("NWRA"), are violating Resolution 2015-03 (the "Resolution"), which creates an exclusive curbside solid waste and recycling collection program in Warrick County. The District purports to seek preliminary and permanent injunctive relief. NWRA now moves to dismiss the District's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for two reasons.

First, NWRA asserts that its members have not engaged in any unlawful activity. Pursuant to the temporary agreement executed by the parties and adopted by the court on November 25, 2015, NWRA's members were permitted to collect solid waste and recycling from "covered participants" until the court issued a decision on NWRA's Motion for Preliminary Injunction. The court has now granted NWRA's motion, meaning that NWRA's members will be able to continue serving "covered participants"

1

until the court issues a final judgment in this case. Thus, the conduct that the District complains of in its Counterclaim is actually expressly permitted pursuant to various orders of this court.

 The NWRA is correct, but its conclusion–that the District has failed to state a claim upon which relief can be granted–does not necessarily follow. In order to survive a motion to dismiss, a pleader need only "state a claim for relief that is plausible on its face." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The District's Counterclaim is plausible because, quite simply, NWRA's members are technically violating the Resolution. However, pursuant to the court's preliminary injunction, that violation is temporarily excused because the District is barred from enforcing the Resolution. A preliminary injunction only considers the movant's likelihood of success though. This means that the court may ultimately reject all of NWRA's claims and find that Resolution 2015-03 is lawful in all respects. In this scenario, the court would entertain a motion for permanent injunction from the District to perpetually bar NWRA's members from committing further violations of the Resolution.

 Second, NWRA argues that granting the District injunctive relief would be inappropriate because: (1) the District has failed to allege any actions of NWRA that should be enjoined; and (2) the District actually seeks to enjoin NWRA's members, none of which are parties to this lawsuit. The court declines to opine on the appropriateness of granting the District injunctive relief when they have not actually moved for an

injunction. These arguments are more properly raised in response to the District's motion for permanent injunction, if one is filed.

Therefore, NWRA's Motion to Dismiss (Filing No. 38) is **DENIED**.

**SO ORDERED** this 13th day of April 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.